# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL SLATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2: 19 CV 87 DDN |
| ) | |
| CLIMAX MOLYDBENUM COMPANY, ) | |
| and ) | |
| CLIMAX MOLYDBENUM MARKETING ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiff Michael Slaton to compel defendant Climax Molybdenum Company to produce discovery regarding whether the Court has personal jurisdiction over the action.[1] Plaintiff seeks information about defendant's use of Missouri roads to carry its product and about its intention that Missouri roads be used for shipment of its goods.

## BACKGROUND

Defendant Climax Molybdenum Company[2] removed this action to this Court from the Circuit Court of Marion County, Missouri, under 28 U.S.C. §§ 1332, 1441, and 1446. In his state court petition, plaintiff alleges the following facts. He is a resident of Arkansas. Defendant is a Delaware corporation with its principal place of business in Phoenix, Arizona. Defendant owns and operates a facility in Fort Madison, Iowa, that mines, manufactures, markets, sells, and ships molybdenum oxide crystalline to locations throughout the United States, including Iowa, Missouri, Kansas, and Louisiana. Defendant ships its products over highways and roads in Missouri for delivery in Missouri and other states, including Louisiana.

---

[1] Defendant's motion to dismiss the action for lack of personal jurisdiction is pending and it would now supplement the record in light of the arguments plaintiff makes. (Doc. 29 at 2.)

[2] This defendant advises that co-defendant Climax Molybdenum Marketing Corporation had not been served when the case was removed. (Doc. 1 n. 1.)

Plaintiff alleges that before July 23, 2018, defendant hired Leon Cannon Trucking, LLC, plaintiff's employer, to pick up a load of molybdenum from defendant's facility in Fort Madison, Iowa, on July 23, 2018, and transport it to Port Allen, Louisiana.

On the morning of July 23, 2018, plaintiff arrived with his tractor trailer truck at defendant's facility in Iowa and brought with him two straps with which to secure the cargo as directed by defendant.  Plaintiff backed his truck to defendant's dock as directed by defendant.  He was then instructed to proceed to a waiting area, there to wait while defendant's employees loaded eleven superbags of molybdenum into the trailer and secure the load with the straps plaintiff brought so it would not shift during the transportation.   After the material was loaded, defendant directed plaintiff to drive the truck to a weigh station.  There plaintiff received a bill of lading for the load's transfer from defendant to its destination in Louisiana.

Plaintiff alleges that defendant knew or had reason to know that plaintiff would drive the truck on Missouri highways, including US Highway 61.  Plaintiff also alleges that defendant knew or had reason to know that, if the load was not properly secured, it could shift during the transport and cause plaintiff to lose control of the truck, placing plaintiff in danger of harm.

Later on July 23, 2018, after plaintiff had driven the truck and tractor from defendant's facility in Iowa, while he was driving on US Highway 61 in Marion County, Missouri, the bags of molybdenum shifted as he negotiated a curve in the highway.  This caused him to lose control of the tractor as the trailer fishtailed and broke loose from the tractor, which caused the tractor to roll over.  Plaintiff was ejected from the tractor cabin and was injured.  Plaintiff seeks relief in two claims:  common law negligence in loading the tractor trailer (Count 1) and negligence *per se* in violation of federal regulations 49 C.F.R. §§ 393.100, 393.102, 383.106, and 393.110 (Count 2).

As stated, defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(2), arguing that it is not subject to personal jurisdiction for plaintiff's injury which occurred in Missouri.  Defendant argues this Court does not have specific personal jurisdiction over this matter, given that all alleged tortious actions taken by it occurred in Iowa.  Plaintiff does not argue that general personal jurisdiction exists, instead relying on specific personal jurisdiction.  The Court granted plaintiff leave to conduct discovery to determine whether the Court has personal jurisdiction over defendant in this action.

Plaintiff submitted discovery requests to defendant for information about defendant's shipments into Missouri for delivery in Missouri, Louisiana, and Texas.  On February 21, 2020,

the Court ordered defendant to respond to plaintiff's requests by March 23, 2020.  Later, this date was extended and defendant responded on April 10, 2020.  In its responses, defendant objected to the discovery requests, limited its responses to the circumstances of the load plaintiff picked up on July 23, 2018, and produced only the bill of lading and a certificate of insurance for plaintiff's employer.  Defendant produced no information relating to other shipments into Missouri for delivery in Missouri, Louisiana, or Texas, as requested.

In support of its position that the discovery sought by plaintiff is irrelevant to the issue of specific personal jurisdiction, defendant argues that plaintiff has indicated no act by which defendant purposely availed itself of conducting business in Missouri, citing *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir.  2014), or an activity that took place in  Missouri that is subject to Missouri's regulation, citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780-81 (2017).  Defendant argues that "[n]one of the allegedly tortious actions conducted by [it] took place in Missouri and, as such, [its] conduct does not connect it to Missouri in a meaningful way."  (Doc. 26 at 3.)

The Constitution's Due Process Clause requires that, for the exercise of specific personal jurisdiction over a non-resident defendant, there must be minimum contacts between the defendant and the forum state such that the suit does not offend the traditional notions of fair play and substantial justice. U.S. Const. amend. XIV; *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014).  It is plaintiff's responsibility to "make a prima facie showing of personal jurisdiction over the challenging defendant."  *Fastpath, Inc.*, at 820; *Myers v. Casino Queen, Inc.,* 689 F.3d 904, 909 (8th Cir. 2012).  When a motion to dismiss for lack of personal jurisdiction is made in a diversity case, such as this case, the court must make a two-step inquiry.  The first applies the long-arm statute of the forum state and the second looks to the federal Due Process Clause.  *Myers v. Casino Queen, Inc., id.* at 909-10.

## DISCUSSION

Relevant to whether plaintiff's claims are covered by the Missouri Long-Arm Statute, Mo. Rev. Stat. § 506.500, plaintiff alleges that his tractor-trailer was loaded in Iowa by defendant in a negligent manner that caused the load to shift and the truck to crash in Missouri. Defendant argues that plaintiff's claims do not arise out of any act of defendant in Missouri.

Missouri's long-arm statute provides that any person or firm that commits a tortious act within Missouri thereby submits itself to the jurisdiction of Missouri courts for any cause of action

arising out of the alleged act.  Rev. Stat. Mo. § 506.500.1(3).  This provision covers tortious acts that occur outside Missouri that have consequences in Missouri.  *State ex rel. PPG Industries, Inc., v. McShane*, 560 S.W.3d 888, 892 (Mo. banc 2018); *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 232 (Mo. banc 2010) (negligent misrepresentation ruled sufficient to qualify under Missouri long-arm statute); *Myers v. Casino Queen, Inc.*, 689 F.3d at 910-11 (Missouri long-arm statute applies to extraterritorial act that had foreseeable consequences in Missouri).  Plaintiff's allegation that defendant's negligence in Iowa in securing the load caused the Missouri incident in which plaintiff was injured is sufficient to bring its allegedly tortious activity under the Missouri long-arm statute.

Next, the Court must determine whether the defendant had constitutionally sufficient "minimum contacts" with Missouri.  Defendant argues that, regarding the occurrence on July 23, 2018, it did not purposely avail itself of the privilege of conducting activities in Missouri, nor did it purposely direct its conduct towards Missouri.  Here is where plaintiff's discovery requests become determinative of the Court's decision about personal jurisdiction in the constitutional sense.

Plaintiff must show that defendant itself acted in a way that related to plaintiff's location in Missouri when he was injured.  In 2011, the Supreme Court ruled *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 US. 873 (2011).  In it, plaintiff was injured in New Jersey while using equipment manufactured in England.  The Supreme Court of New Jersey ruled there was personal jurisdiction under the Due Process Clause, if the defendant knew or should have known that its products are distributed in a system that might lead to its products being sold in the 50 American states.  564 US. at 877.  When discussing specific personal jurisdiction, the Court stated:

> The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign.  In other words, the defendant must "purposefully avai[l] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.  Sometimes a defendant does so by sending its goods rather than its agents.  The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.

*Id.* at 882. (quotation marks omitted).   Further, "[t]his Court's precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment." *Id.* at 883.

4

In *Bristol-Myers Squibb Co. v. Superior Ct. of Calif., San Francisco Cnty.*, 137 S. Ct. 1773 (2017), the Supreme Court made the following comments about the requirements of due process: The court's inquiry must focus on the defendant's relationship to the forum state.  137 S. Ct. at 1779.  "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.  For this reason, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, *the very controversy* that establishes jurisdiction."  *Id.* at 1790 (italics added) (quotations omitted) (cleaned up).

It is instructive to note that the Supreme Court stated further, "For specific jurisdiction, a defendant's general connections with the forum are not enough.  As we have said, a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity."  *Id.* at 1781 (quotation omitted).

Plaintiff argues that the shipping contract between his employer and defendant effectively controlled his route and put him in Missouri when the incident occurred.  Defendant argues otherwise. The issue must be resolved by a hearing in which the Court will consider further information from defendant in response to plaintiff's discovery requests and testimony especially related to the effect of the Rand McNally MileMaker in the operation of the contract between plaintiff's employer and defendant.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to compel (Doc. 23) **is sustained.** Defendant must produce in hand to plaintiff's counsel its full responses to plaintiff's discovery requests **not later than June 10, 2020.**

**IT IS FURTHER ORDERED** that a supplemental hearing on the motion of defendant to dismiss for lack of personal jurisdiction is set for **June 22, 2020, at 9:00 a.m.**  Due to limited availability of the federal courthouse facilities due to the COVID-19 pandemic, the hearing will be conducted by reliable electronic audio-video means.  Counsel must contact the Clerk's Office for instructions for accessing the Court's audio-video facilities for this hearing.

      /s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 28, 2020.